IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM EUGENE MACK,

        Petitioner,

v.

MARK NOOTH,

        Respondent.

Civil No. 2:14-cv-00643-MA

OPINION AND ORDER

MARK BENNETT WEINTRAUB
Assistant Federal Public Defender
859 Willamette Street
Suite 200
Eugene, OR 97401

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
FREDERICK M. BOSS
Deputy Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

MARSH, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 24) is DENIED and this action is DISMISSED.

## BACKGROUND

On November 7, 2003, a Lane County grand jury indicted Petitioner on charges of Assault in the Third Degree and Murder by Abuse.[1] Resp't Ex. 102. The indictment alleged Petitioner assaulted and then recklessly caused the death of his girlfriend's two-year-old son. *Id.*

In March 2004, before trial commenced, the state filed a motion to determine the admissibility of out-of-court statements the victim's three-year-old brother made to investigators. The trial court ruled the brother was not competent to testify and, accordingly, that his out-of-court statements were not admissible under the Confrontation Clause of the United States Constitution. The state filed an interlocutory appeal, and on November 26, 2004, the Oregon Supreme Court affirmed the trial court's ruling. *State of Oregon v. Mack*, 101 P.3d 349 (Or. 2004).

The case was finally tried to a jury in November 2006. Prior to trial, the trial judge found that the victim's brother, who was by then six years of age, had become competent to testify. The brother testified that he did not remember what had happened on the night the victim died. Several prior statements about the night in question, which the brother made to investigators shortly after the crime occurred, were admitted into evidence. On November 16, 2006, the jury returned a verdict finding Petitioner guilty of Assault in the Third Degree and Murder by Abuse. On

---

[1] The grand jury also indicted Petitioner on several additional drug-related charges, which were separately adjudicated and which are not at issue in this habeas corpus action.

2 - OPINION AND ORDER -

November 17, 2006, the trial judge sentenced Petitioner to 18 months of prison on the Assault conviction, and to life in prison, with a minimum sentence of 300 months, on the Murder by Abuse conviction.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. *State v. Mack*, 205 P.3d 75 (Or. App.), *rev. denied*, 214 P.3d 822 (Or. 2009).

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial court denied the petition. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Mack v. Franke*, 308 P.3d 381 (Or. App.), *rev. denied*, 317 P.3d 255 (Or. 2013).

On April 17, 2014, Petitioner filed this habeas corpus action. In his Amended Petition for Writ of Habeas Corpus, he alleges the following grounds for relief:

> **Ground One:** Petitioner's right to a fair trial under the Fourteenth Amendment was violated when the jury was instructed that Petitioner could be found guilty of Murder by Abuse on either of two theories, a pattern or practice of assault or torture, and insufficient evidence was introduced to prove guilt beyond a reasonable doubt as to torture.
>
> **Ground Two:** Petitioner's Sixth Amendment right to confront witnesses was violated by the introduction into evidence of prior statements by the child-witness S.M., when those statements were made at a time that the trial court had determined that S.M. was not competent to testify.
>
> **Ground Three:** Petitioner's Sixth Amendment right to effective assistance of counsel was violated in the following respects:
>
> > A. Trial counsel failed to object to an improper jury instruction when the jury was instructed that Petitioner could be found guilty of Murder by Abuse on either of two theories, a "pattern or practice of

3 - OPINION AND ORDER -

        assault" or "torture," and insufficient evidence was introduced to prove guilty beyond a reasonable doubt as to torture.

B.    Trial counsel failed to object to the introduction into evidence of prior statements by the child-witness S.M., when those statements were made at a time that the trial court had determined that S.M. was not competent to testify.

C.    Trial counsel opened the door to and/or failed to object to expert psychological opinion testimony, by a witness for the state, that the victim's mother was unlikely to have killed the victim.

D.    Trial counsel failed to represent Petitioner effectively in plea bargaining by negotiating and advising Petitioner properly on the potential benefits of a guilty plea to a lesser charge and the risks and consequences of rejecting such a plea.

Respondent argues that relief should be denied on the claims alleged in Grounds One and Two because Petitioner failed to address the claims in his Brief in Support and therefore has not met his burden. Respondent further argues that relief should be denied on Grounds One, Two, and sub-parts A, B, and D of Ground Three because they are procedurally defaulted, and that relief should be denied on sub-part C of Ground Three because the state PCR court decision denying relief on this claim was not contrary to or an unreasonable application of clearly established federal law.

## DISCUSSION

**I.    Claims Not Addressed in Petitioner's Brief - Grounds One and Two**

In his Brief in Support of Petition, Petitioner does not address the trial court error claims alleged in Grounds One and Two. Additionally, Petitioner does not attempt to refute Respondent's argument that these claims do not entitle him to habeas corpus relief because they were procedurally defaulted. Petitioner has failed to sustain his burden of demonstrating why he is

4 - OPINION AND ORDER -

entitled to relief on his unargued claims. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (habeas petitioner bears the burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same). Nevertheless, I have reviewed Petitioner's unargued claims on the existing record and find that they are procedurally defaulted, and that Petitioner is not entitled to habeas relief.

## II.     Relief on the Merits - Ground Three, Sub-part C

In sub-part C of Ground Three, Petitioner alleges trial counsel provided ineffective assistance of counsel when counsel "opened the door to and/or failed to object to expert psychological opinion testimony, by a witness for the state, that the victim's mother was unlikely to have killed the victim." Petitioner exhausted this claim in the state PCR proceeding.

### A.     Legal Standards

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Id.* at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court

applied clearly-established federal law erroneously or incorrectly. Instead, the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. The habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. The Supreme Court has described the correct analysis as follows:

> [A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision, and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Cullen v. Pinholster*, 563 U.S. 170, 188 (2011) (citing *Richter*, 562 U.S. at 101).

It is well settled that the two-part *Strickland v. Washington* test is clearly established federal law for the purposes of § 2254(d)(2). *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). Under *Strickland*, a habeas petitioner must prove that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). It is unnecessary to address both *Strickland* requirements if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697; *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

In addressing ineffective assistance claims under § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Richter*, 562 U.S. at 101; *Lockyer*, 538 U.S. at 75. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal citations and quotations omitted).

### B.    Analysis

In Petitioner's criminal trial, counsel pursued a defense theory that the victim was killed by his mother, not by Petitioner. In pursuit of that defense, on cross-examination of Dr. Paul Steven Stoltfuz, a psychologist called as a witness for the state, Petitioner's counsel posited, "There's no psychological reason why a mother could not kill her son, is there?" Tr. (ECF No. 23) p. 431. Dr. Stoltfuz answered that "A mother is capable of killing her son." *Id*. On re-direct, the prosecutor asked: "Is there a distinction in your mind if the question was phrased, 'Is there a psychological reason why a mom would not kill her child.'" *Id*. at 432. Dr. Stoltfuz replied:

> Yes, we would probably talk all day about that one. Women -- mothers don't kill their children, usually. Of course, there's extreme exceptions to that. The exceptions are almost always an emotional breakdown of some sort or an extreme duress, and usually under analysis folks will show an antisocial personality disorder or some kind of drug use or something like that. *And with [the victim's mother], specifically, her attachment to [the victim's older brother] made very clear that she could attach and was very bonded to her infant. There is no indication in her*

> *profile and her interaction with her living son, that she would do that to another son.*

*Id.* (Emphasis added). Petitioner argues trial counsel was ineffective in failing to object to this testimony as improper character evidence offered for the sole purpose of proving that the victim's mother acted in conformity with the character trait of her tendency to not pose a risk of physical harm to her surviving child, the victim's brother.

The PCR trial judge rejected Petitioner's ineffective assistance of counsel claim, concluding that Petitioner failed to meet his burden to establish prejudice. The judge did so, however, without a reasoned decision explaining this conclusion and, as noted, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. As such, I must independently review the record and determine what arguments or theories could have supported the state court's decision, and ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with *Strickland. Pinholster*, 563 U.S. at 188.

The PCR trial judge reasonably concluded that Petitioner failed to his meet his burden of prejudice, *i.e.*, that the outcome of the proceeding would have been different had trial counsel successfully objected to Dr. Stoltfuz's testimony. The evidence against Petitioner was strong: his admitted prior abuse of the victim, his statements to the police regarding the victim's cause of death, his exhibited consciousness of guilt including hiding from the police, and the statements made by the victim's brother to investigators describing what Petitioner had done to the victim (statements which were corroborated by the physical evidence of injury to the victim). In contrast, there was no persuasive evidence in the record against the victim's mother. Petitioner has not demonstrated that fairminded jurists could disagree with the PCR court's finding of no prejudice.

### III. Procedurally Defaulted Claims - Sub-parts A, B, and D of Ground Three

Petitioner concedes he procedurally defaulted the ineffective assistance of counsel claims alleged in sub-parts A, B, and D of Ground Three, but contends that his procedural default should be excused because he can establish cause under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1351. In order to satisfy *Martinez*, a habeas petitioner must show the following: (1) the underlying ineffective assistance of trial counsel claim is substantial; (2) the petitioner had ineffective counsel during the state collateral proceeding; (3) the state collateral proceeding was the initial review proceeding for the claim; and (4) state law required the petitioner to bring the claim in the initial review proceeding. *Trevino v. Thaler*, 133 S. Ct. 1911, 1919 (2013).

Here, there is no question that Petitioner meets the third and fourth requirements because Oregon's post-conviction procedure is the initial review proceeding, and Oregon law requires that ineffective assistance claims be raised at post-conviction. *State v. Robinson*, 550 P.2d 758, 758 (Or. App. 1976) (holding ineffective assistance claims may only be resolved in a postconviction proceeding); *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (noting Oregon requires ineffective assistance claims to be raised in a collateral proceeding). My analysis therefore centers on prongs one and two.

Under the first *Martinez* requirement, a petitioner must come forward with facts to demonstrate that his underlying ineffective assistance claim is "substantial," or has "some merit."

9 - OPINION AND ORDER -

*Martinez*, 132 S.Ct. at 1318. To establish a claim is "substantial," a petitioner must generally show that trial counsel rendered deficient performance and that petitioner suffered prejudice as a result of counsel's errors. *Pinnell v. Belleque*, Case No. 3:06-cv-00828-BR, 2015 WL 225817, at *3 (D.Or. Jan. 15, 2015).

Because the "substantiality" analysis under *Martinez* is not a merits review, but more akin to whether a certificate of appealability should issue, a habeas petitioner has satisfied the first prong of *Martinez* if he has shown the merits of the *Strickland* claim would be "debatable amongst jurists of reason" or the issues are deserving of further pursuit. *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322 (2003)), *cert. denied*, 134 S.Ct. 2662 (2014). Stated inversely, a claim is "insubstantial" if "it does not have any merit or . . . is wholly without factual support." *Martinez*, 132 S.Ct. at. 1319; *Detrich*, 740 F.3d at 1245.

Under the second *Martinez* prong, Petitioner must show that he either had no counsel on the initial post-conviction review, or that PCR counsel was "ineffective under the standards of *Strickland*." *Martinez*, 132 S.Ct. at 1318. Thus, Petitioner must show that PCR counsel's performance in the initial-review collateral proceeding fell below constitutional standards in order to establish "cause." *Id.* at 1319. Not every error by PCR counsel will constitute "cause"; indeed, PCR counsel "is not necessarily ineffective for failing to raise even a nonfrivolous claim." *Sexton*, 679 F.3d at 1157. To show prejudice, Petitioner must show that if PCR counsel had not performed deficiently, the result of the PCR proceeding would have been different. *Clabourne v. Ryan*, 745 F.3d 362, 376-77 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015). This determination "is necessarily connected to the strength of the argument that

10 - OPINION AND ORDER -

trial counsel's assistance was ineffective." *Id.* at 377-78. The court may address either inquiry first, as resolution of one prong may obviate the need to address the other. *Martinez*, 132 S. Ct. at 1319.

### A. Failure to Object to Jury Instruction

In Ground One, sub-part A, Petitioner alleges trial counsel failed to object to an improper jury instruction when the judge instructed the jury that Petitioner could be found guilty of Murder by Abuse on either of two theories, a "pattern or practice of assault" or "torture," and insufficient evidence was introduced to prove guilt beyond a reasonable doubt as to the "torture" element. Petitioner argues it should have been clear to trial counsel that the subsection of Oregon's murder by abuse statute in question, Or. Rev. Stat. § 163.115(1)(c)(A), sets forth two distinct theories of murder and that when multiple theories are pleaded, a trial court has a duty to instruct a jury that it must agree on which, if any, theory the state has proved beyond a reasonable doubt.

The Oregon murder by abuse statute provides as follows:

Criminal homicide constitutes murder . . . [b]y abuse when a person, recklessly under circumstances manifesting extreme indifference to the value of human life, causes the death of a child under 14 years of age or a dependent person, as defined in ORS 163.205, and:

> (A) The person has previously engaged in a pattern or practice of assault or torture of the victim or another child under 14 years of age or a dependent person, or
>
> (B) The person causes the death by neglect or maltreatment.

Or. Rev. Stat. § 163.115(1)(c). The jury instruction given by the trial judge mirrored the language of the statute; he instructed the jury that in order to establish the crime of murder by abuse, the state was required to prove beyond a reasonable doubt that Petitioner had "previously engaged in a pattern or practice of assault or torture" of the victim. Tr. 747.

11 - OPINION AND ORDER -

Under Oregon law, however, it is not clear whether the phrase "pattern or practice of assault or torture" refers to alternative factual theories for the commission of the crime of murder by abuse or alternative elements of the crime. Indeed, on direct appeal the Oregon Court of Appeals, addressing a related claim that the trial court erred in failing to instruct the jury that it must agree as to which of two theories of abuse the state proved beyond a reasonable doubt, noted "[w]e agree with the state that whether the facts at issue are 'essential' to the offense is not obvious and is reasonably in dispute.'" *Mack*, 227 Or. App. at 119. Because it is not clear under Oregon law whether sufficient proof of either a pattern or practice of assault or a pattern or practice of torture is not enough to sustain a single conviction for murder by abuse, Petitioner has failed to establish a substantial claim that trial counsel performed ineffectively in failing to object to the jury instruction.

More important, however, Petitioner fails to establish that any error in not objecting to the instruction was prejudicial. As Petitioner correctly notes, there was no evidence adduced at trial that Petitioner previously engaged in a pattern or practice of torturing the victim, a fact to which Respondent agreed in the direct appeal. *See* Resp't Ex. 118, p. 13 ("[o]n this record, no reasonable factfinder could have found [Petitioner] guilty based on a 'torture' theory"). Petitioner cannot establish prejudice from a failure to challenge the jury instruction when it cannot be said that the jury could mistakenly convict on torture when no evidence of torture was presented. Even if "pattern and practice of assault" and "pattern of torture" were construed as separate legal theories of liability, when the evidence adduced at trial is insufficient to support an alternative legal theory of liability, the failure of the court to give an instruction removing that theory from the jury's

consideration is necessarily harmless. *State v. Lopez-Minjarez*, 260 P.3d 439, 445 (Or. 2011). Accordingly, Petitioner has not established a substantial claim of prejudice sufficient to excuse his procedural default under *Martinez*.

### B. Failure to Object to Introduction of Video-Recorded Interview of the Victim's Older Brother

Petitioner also argues trial counsel was ineffective in failing to object to the introduction at trial of a video-recorded interview of the victim's older brother which was conducted three years prior to trial, at a time when the trial judge found the brother incompetent to testify due to his age. Petitioner alleged the identical claim in his Amended Formal Petition for Post Conviction Relief. Resp't Ex. 125, p. 7. Hence, Petitioner's procedural default of this claim of ineffective assistance of counsel occurred not at the PCR trial level, but instead on appeal, as it was not alleged as an assignment of error to the Oregon Court of Appeals.

The *Martinez* exception applies only to ineffective assistance of counsel claims that initial collateral review counsel failed to raise; it does not apply to appeals from initial-review collateral proceedings. *Martinez*, 132 S. Ct. at 1320. Accordingly, Petitioner cannot establish cause to excuse his procedural default of this claim through *Martinez*.

### C. Failure to Effectively Represent Petitioner in Plea Bargaining

Finally, Petitioner alleges trial counsel failed to effectively represent Petitioner in plea bargaining. Specifically, Petitioner argues trial counsel failed to communicate plea offers and failed to properly advise Petitioner with respect to those offers.

In support of his argument, Petitioner relies upon evidence in the record that plea negotiations were undertaken. Shortly before trial, defense counsel proposed a plea bargain on a

13 - OPINION AND ORDER -

charge of manslaughter, carrying a 75-month sentence, and the prosecutor countered with a proposal that Petitioner plead guilty to manslaughter and assault, identical to an offer previously extended by the prosecution. Resp't Ex. 129. Petitioner argues there is no apparent record as to why defense counsel did not follow up on either offer and no record as to whether counsel discussed with Petitioner the risks and consequences of a decision to reject a plea bargain. Petitioner also argues that, had counsel done so, there is a reasonable probability that the outcome of the case would have been different. Petitioner does not, however, offer any evidence in support of this assertion.

The state PCR record contains messages exchanged by email between trial counsel and the prosecutor pertaining to plea negotiations. Resp't Ex. 129. The content of the messages indicates trial counsel was well aware of the length of terms, status of consecutive/concurrent sentencing options, fines and fees, and the length of time his client was currently serving and had already served. Moreover, in a declaration submitted in this action, trial counsel stated that a plea agreement was not reached in the matter because Petitioner maintained his innocence and ultimately there was no agreement acceptable to Petitioner. Resp't Ex. 156.[2]

---

[2]Respondent's Supplemental Exhibit 156, a Declaration from trial attorney D. Olcott Thompson, was not part of the record from the state court proceedings. Expansion of the record, however, is permissible under Rule 7 of the Rules Governing Sec. 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has had ample time to contest Thompson's Declaration, and has not availed himself of that opportunity. *See* Rule 7(c) (requiring a court to give the opposing party an opportunity to admit or deny the correctness of any materials submitted to expand the record of a habeas petition). Finally, expansion of the record is not prohibited under 28 U.S.C. § 2254(e)(2) where the petitioner is asserting cause to excuse a procedural default under *Martinez*. *See Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (Section 2254(e)(2) does not bar a petitioner from developing facts outside the state-court record to establish cause under *Martinez*).

Petitioner has not met his burden to demonstrate that his claim counsel was ineffective in connection with the failed plea negotiations is "substantial" as required by *Martinez*. Petitioner's conclusory statements that the record does not indicate counsel advised Petitioner as to the ramifications of the plea offer and that the outcome would have been different had counsel done so are wholly without factual support, and reasonable jurists would not find this assessment debatable. Accordingly, Petitioner's procedural default is not excused, and habeas corpus relief must be denied on this claim.

## IV.   Evidentiary Hearing

Petitioner contends that in order to meet his burden of proof under *Martinez*, he must be afforded the tools of discovery and an evidentiary hearing. There are situations where an evidentiary hearing under *Martinez* is appropriate to determine if there is a basis to excuse the default. *Detrich*, 740 F.3d at 1247. Where, however, documentary evidence provides a sufficient

basis to decide a petition, a district court is within its discretion to deny a full hearing. *Runningeagle v. Ryan*, 825 F.3d 970, 990 (9th Cir. 2016) (*"Runningeagle II"*) (citing *Phillips v. Ornoski*, 673 F.3d 1168, 1179 (9th Cir. 2012)); *see also Johnson v. Singh*, 542 Fed.Appx. 615 (9th Cir. 2013) (evidentiary hearing not necessary because petitioner failed to show such a hearing would produce evidence establishing claim). Petitioner's request for an evidentiary hearing is denied.

## CONCLUSION

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 24) is DENIED and this action is DISMISSED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 15 day of September, 2016.

*/s/ Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge